## W. U. CHELF v. T. J. SMITH ET AL.

**Vendor and Purchaser—Defense to Action on Purchase-Money Note.**

Where at the time one purchased land, a third person was in possession of part of it, and had title thereto by adverse possession, such fact is not a defense to an action on a purchase-money note where the purchaser had possession, and the person who held the title by adverse possession testifies that he would never have sued for the land if he had not been invited to do so by the purchaser.

APPEAL FROM MARION CIRCUIT COURT.

December 4, 1873.

OPINION BY JUDGE PETERS:

In September, 1868, Ballard sold and conveyed a tract of land in Marion County to appellant, Chelf, for the consideration of $2,000, six hundred of which were paid down, and the residue divided into annual payments of $200 each, for which notes were executed and a lien reserved on the land to secure their payment.

Two of said notes were paid, and the note for the third payment was assigned by Ballard to appellee, Smith, who brought suit upon it, and as a defense, appellant alleged in his answer that one Henry Gardner claimed and was the owner of about sixteen acres of the land conveyed to him, which was the most valuable part of the farm, on account of the timber. He made his answer a cross-petition against Ballard and Henry Gardner, and prayed that the right to the disputed territory should be adjudged and settled; and if it should be decided that Henry Gardner was entitled to the land he prayed for a rescission of the contract; or if that could not be done, then he prayed for an abatement of the price to the extent of the value of the land claimed by H. Gardner.

The court below dismissed the cross-petition, and rendered judgment for Smith against Chelf for the debt claimed. Chelf has appealed, and Henry Gardner prosecutes a cross-appeal.

It clearly appears from the evidence that Chelf's deed includes the land in controversy; that he was put in possession of it with the residue of the farm; and that his possession has never been disturbed; and from the statements of Henry Gardner himself, whose deposition is in the case, it may be asserted that he never would have sued for the land of Chelf had he not provoked, or rather invited and procured him to do so. It furthermore appears from the evidence that Ballard, and those under whom he claimed, had been in the uninterrupted adverse possession of the land for more than twenty years before the litigation about it was instigated by Chelf, and the title had thus been made secure by possession.

As to the amendment offered by Chelf on the 22d of January, 1873, there is nothing in the record to inform this court officially court. But if this objection could be waived, no sufficient reason that the paper copied was the same tendered and rejected by the is shown why the facts in that paper were not set forth in the original answer. It was a strange mistake to allege, as was done in the original answer, that Henry Gardner was in possession of the land, and then present a claim to the half of Mrs. E. Gardner's farm, whereby he attempts to increase his purchase to about 190 acres instead of 100 or 110 acres, and when from his own deposition it appears that Mrs. Gardner was in possession of the land at the date of his deed and was actually cultivating it; and his deposition was in the case when he tendered said amendment. The claim set up in that amendment is preposterous.

The judgment is affirmed on the original and cross-appeal.

*J. D. Belden,* for *appellant.*

*Rountree, Russell & Averitt,* for *appellees.*